IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| LEONARD ASKEW | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No.: 04 C 3863 |
| | ) | |
| v. | ) | Suzanne B. Conlon, Judge |
| | ) | |
| CITY OF CHICAGO, FRANK E. QUINN III, | ) | |
| AND WALTER W. PUCHALSKI, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Leonard Askew sued the City of Chicago and Chicago police officers Frank E. Quinn III and Walter W. Puchalski (collectively, "the city") for unlawful arrest, excessive force, and malicious prosecution. The court granted summary judgment for the city. Askew unsuccessfully appealed the adverse judgment. *Askew v. City of Chicago*, 440 F.3d 894 (7th Cir. 2006). The city filed a bill of costs pursuant to Fed. R. Civ. P. 54(d) and 28 U.S.C. § 1920 on March 24, 2006.[1]

## DISCUSSION

"[C]osts ... shall be allowed as of course to the prevailing party unless the court otherwise directs[.]" Fed. R. Civ. P. 54(d). However, Rule 54(d) does not give a court "unrestrained discretion to tax costs to reimburse a winning litigant for every expense he has seen fit to incur. . . . . [I]tems proposed by winning parties as costs should always be given careful scrutiny."

---

[1] The city filed an identical bill of costs on May 6, 2005. Dkt. # 74. The court denied the original bill of costs without prejudice pending appeal. Dkt. # 73.

*Farmer v. Arabian Am. Oil Co.*, 379 U.S. 227, 235 (1964). Recoverable costs are specified in 28 U.S.C. § 1920. *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441 (1987). Recoverable costs include: (1) fees of the clerk and marshal; (2) fees for transcripts necessarily obtained for use in the case; (3) fees for printing and witnesses; (4) fees for copies of papers necessarily obtained for use in the case; (5) docket fees; and (6) compensation of court appointed experts and interpreters. 28 U.S.C. § 1920. The city seeks $7,385.90 for deposition transcripts, court reporter attendance fees, transcripts of court proceedings, subpoena fees, exemplification and copying, and miscellaneous costs.[2]

## I. Deposition Transcripts

Section 1920(2) authorizes the taxing of costs for deposition transcripts "necessarily obtained for use in the case." 28 U.S.C. § 1920(2). To be recoverable, a deposition must be reasonably necessary to the case at the time it was taken. *Cengr v. Fusibond Piping Sys., Inc.*, 135 F.3d 445, 455 (7th Cir. 1998). Fees for deposition transcripts are limited to rates established by the Judicial Conference of the United States. Local Rule 54.1(b). Rates may not exceed $3.30 per page for ordinary transcripts, $4.40 per page for expedited transcripts, $5.50 for daily transcripts, or $0.83 per page for the first copy. General Order, United States District Court, Northern District of Illinois, http://10.205.15.104/clerks_office/CrtReporter/tfee0203.pdf (updated Feb. 28, 2003).

---

[2]The city's bill of costs requests an award of $7,345.90. However, this total reflects a discrepancy in the amount sought by the city and the amount billed to the city for the deposition transcript of Dr. Mary Kanashiro. The invoice for Dr. Kanashiro's deposition is $40.00 higher. The court independently evaluated the amounts sought by the city, drawing its amounts directly from invoices where possible.

2

Rates exceeding those approved by the Judicial Conference will be reduced. In addition, the city seeks costs for an expedited transcript and a certified copy of a transcript, but does not explain why the costly transcripts were necessary. Those transcript charges will be reduced to ordinary transcript rates. *R.J. Reynolds Tobacco Co. v. Premium Tobacco Stores*, No. 99 C 1174, 2005 WL 293512, at *3 (N.D. Ill. Feb. 8, 2005) (Kocoras, J.). Askew objects to costs associated with the transcripts: word indicies, condensed transcripts, witness signatures, ASCII diskettes, and delivery costs. The city does not object to removal of these associated costs from its bill. Askew argues that he should not be taxed for a copy of David Biggins' deposition transcript because it was not reasonably necessary to the case. However, Askew deposed Biggins. It was reasonably necessary for the city to obtain a deposition transcript of a witness Askew deposed.

The city is awarded deposition transcript fees as follows:

| Deponent | Transcript | Pages | Cost Per Page Requested | Cost Per Page Awarded | Total Amount Awarded |
|---|---|---|---|---|---|
| Frank E. Quinn, III | Original | 170 | $3.30 | $3.30 | $561.00 |
| Walter Puchalski | Original | 170 | $3.30 | $3.30 | $561.00 |
| David Biggins | Original[3] | 40 | $5.00 | $3.30 | $132.00 |
| Judith Martin | Certified Copy | 85 | $3.90 | $3.30 | $280.50 |
| Carry Ann Lis | Original | 92 | $3.30 | $3.30 | $303.60 |
| Craig Padgett | Original | 90 | $3.30 | $3.30 | $297.00 |
| Cynthia Swan | Original | 86 | $3.25 | $3.25 | $279.50 |
| Mary Kanashiro, M.D. | Original expedited | 49 | $4.00 | $3.30 | $161.70 |
| Leonard Askew | Original | 250 | $3.25 | $3.25 | $812.50 |
| Amarjit Bhasin, M.D. | Original | 49 | $3.25 | $3.25 | $159.25 |
| Total | | | | | **$3548.05** |

## II. Court Reporter Attendance Fees

The city seeks $402.50 for court reporter attendance fees for four depositions. The fees charged by the court reporters ranged from $35.00-$70.00 per hour: $70.00 per hour for the one hour Bashin, Kanashiro, and Swan depositions; and $35.00 per hour for the 5.5 hour Askew deposition. Court reporter attendance fees may be recovered under § 1920(2) as part of the reasonable and necessary costs in obtaining a deposition transcript. *Held v. Held*, 137 F.3d 998,

---

[3]The rate charged for the Biggins transcript may reflect an expedited rate. However, the invoice is not clear. In any case, the city offers no justification for the higher rate. The regular rate is awarded.

1002 (7th Cir. 1998). Hourly fees in excess of $60.00 are ordinarily unreasonable. *Thomas v. Guardsmark, Inc.*, No. 02 C 8848, 2005 WL 2405823, at *2 (N.D. Ill. Sep. 27, 2005) (Conlon, J.) (holding $87.50 per hour unreasonable, reducing award to $60 per hour). The city's costs will be reduced by $10 each for the Bashin, Kanashiro, and Swan depositions. The city is awarded $372.50 for court reporter attendance fees.

### III. Court Proceeding Transcripts

The city seeks $292.60 in costs for transcripts of court proceedings: $9.90 for a three-page transcript of proceedings on January 11, 2005; $187.00 for a 34-page transcript of proceedings on February 4, 2005; and $95.70 for a 29-page transcript of proceedings on February 24, 2005. Askew objects to all of these costs. The city withdraws its request for the January 11 transcript.

Transcripts of court proceedings are recoverable if necessarily obtained for use in a case. *Majeske v. City of Chicago*, 218 F.3d 816, 825 (7th Cir. 2000). While transcripts may not be taxed if they were obtained for attorney convenience, use of testimony from a transcript is not a prerequisite to an award of costs. *Id.* The city argues that the February 24 transcript was necessary because the court denied plaintiff's motion for leave to file an amended complaint in open court and that it needed the transcript for a detailed record of the ruling. Memorializing the court's oral rulings demonstrates the necessity of the February 24 transcript. *Id.* Furthermore, the city filed the transcript in support of its summary judgment motion. Dkt. # 58. However, the city submitted an invoice with its reply that requires reducing the award of costs for the February 24 transcript to $56.10.

The city argues that the daily transcript on February 4 was necessary to prepare its summary judgment motion or for an exact record of Magistrate Judge Schenkier's order to aid

5

enforcement of the order, if necessary. This argument is persuasive. The February 4 order required Askew to respond to interrogatories by February 9. A daily transcript was necessary to obtain a record of the proceedings before February 9. Transcript Order Form AO435, United States District Court, Northern District of Illinois, http://10.205.15.104/CLERKS_OFFICE/CrtReporter/ao435.pdf (updated January, 1990). The city is awarded $243.10 for transcripts of court proceedings.

## IV. Subpoena Fees

The city seeks recovery of six subpoena fees of $40.00 each and six transportation fees associated with each subpoena of $3.00. Subpoena fees are recoverable, but may not exceed the service fees charged by the U.S. Marshal. *Collins v. Gorman*, 96 F.3d 1057, 1060 (7th Cir. 1996). The U.S. Marshal charges $40 per hour for the first two hours and $20 for each additional hour. *Goldsmith v. Chicago Police Officers*, No. 02 C 5777, 2005 WL 442230, at *4 (N.D. Ill. Feb. 22, 2005) (Darrah, J.). The city did not provide any documentation for subpoena fees, but Askew did not object to the fees. An award equal to one hour of the U.S. Marshal's time is approved for each subpoena. Askew is taxed $240.00 for subpoena fees.

## V. Fees for Exemplification and Copying

The city seeks $1,257.60 in costs for exemplification and copying. Section 1920(4) authorizes the taxing of costs for copies "necessarily obtained for use in the case." 28 U.S.C. § 1920(4). "This phrase contemplates that the materials be 'actually prepared for use in presenting evidence to the court.'" *Kelleher v. Solopak Pharm. Inc.*, No. 96 C 7743, 1997 WL 754032, at *1 (N.D. Ill. Nov. 19, 1997) (Conlon, J.). Defendants are "not required to submit a bill of costs containing a description so detailed as to make it impossible economically to recover

photocopying costs," rather they are "required to provide the best breakdown obtainable from retained records." *Northbrook Excess and Surplus Ins. Co. v. Procter & Gamble Co.*, 924 F.2d 633, 643 (7th Cir. 1991).

The city provides an itemization of copying charges, including a description of the document copied, the document's date, the number of pages in the document, the number of copies made, the price per page and total amount. The city's $.15 per page copying rate is reasonable. *Figueroa v. City of Chicago*, No. 97 C 8861, 2000 WL 1036019, at * 2 (N.D.Ill. July 20, 2000) (Conlon, J.) (allowing $.20 per page for copying); *Eastern Trading Co. v. Refco*, No. 97 C 6815, 1999 WL 529569, at * 5 (N.D.Ill. July 20, 1999) (Conlon, J.) (allowing $.15 per page for copying). The city seeks costs for three kinds of documents: court filings and discovery documents, correspondence between the parties, and depositions.

While court filings and discovery documents are reasonably necessary for use in the case, the city seeks recovery of an excessive number of copies for many of these documents. For example, the city seeks recovery of the cost of five copies of its answer. Recovery is limited to three sets of copies unless extra sets are necessary to the case. *See Menasha Corp. v. News Am. Mktg. Instore, Inc.*, No. 00 C 1895, 2003 WL 21788989, at *4 (N.D. Ill. July 31, 2003) (Leinenweber, J.). The city does not explain why extra copies of filings were necessary. Therefore, recovery is limited to three sets of copies for court filings and discovery documents.

The city seeks the cost for copies of the parties' correspondence. However, "[c]opies of court filings for a party's personal use, extra copies of filed papers and correspondence, and copies of cases are not recoverable." *Kelleher*, 1997 WL 754032, at *1. The city provides no

explanation why copying correspondence was necessary or related to the preparation of evidence for the court. *Id.* These costs are not approved.

The city seeks recovery for two "working copies" of each of the depositions. Local Rule 54.1 provides that taxable costs for deposition transcripts are "the cost of the original of such transcript or deposition together with the cost of one copy each where needed by counsel." Local Rule 54.1(b). The $0.15 per page requested by the city is less than the maximum $0.83 per page established by the Judicial Conference. The city is awarded the cost of one copy of each deposition. These reductions result in a total award of $888.00 for copying and exemplification costs.

## VI. Other Costs

The city seeks $923.05 in other costs: (1) $500.00 for Amarjit Bhasin, M.D.'s fee for deposition attendance; (2) $400.00 for Mary Kanashiro, M.D.'s fee for deposition attendance; and (3) $23.05 in costs for photographs of a knife.

Askew does not object to these costs. While a prevailing party seeking reimbursement for fees paid to its own expert witness may not use Rule 54(d) to exceed the $40.00 per day witness fee limitation, expert fees in excess of the $40.00 per day limit are recoverable pursuant to Fed. R. Civ. P. 26(b)(4)(C)(i). *See Crawford Fitting*, 482 U.S. at 441-42; *Chambers v. Ingram*, 858 F.2d 351, 360 (7th Cir. 1988). Rule 26(b)(4)(c) provides that, "[u]nless manifest injustice would result, (i) the court shall require the party seeking discovery pay the expert a reasonable fee for time spent in responding to discovery . . . ." Fed. R. Civ. P. 26(b)(4)(c)(i). The city may recover $900.00 for the fees charged by their expert witnesses for attending discovery depositions. The

city offers no argument that the photographs of a knife were necessary or are appropriate under § 1920. Therefore, that cost is not recoverable.

## CONCLUSION

The city is awarded the following costs: (1) $3,548.05 for deposition transcripts; (2) $372.50 for court reporter attendance fees; (3) $243.10 for transcripts of court proceedings; (4) $240.00 for subpoena fees; (5) $888.00 for exemplification and copying; and (4) $900.00 in miscellaneous costs. The city is entitled to a total award of $6,191.65.

ENTER:

*Suzanne B. Conlon*
Suzanne B. Conlon
United States District Judge

April 12, 2006